UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DEBBIE JO DUNCAN, )
)
   PLAINTIFF, )
)
vs. ) CASE NO. 14-CV-254-FHM
)
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
)
   DEFENDANT. )

## OPINION AND ORDER

Plaintiff, Debbie Jo Duncan, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Debbie Jo Duncan's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Richard J. Kallsnick was held March 3, 2011. ALJ Kallsnick issued a decision on April 8, 2011 denying Plaintiff's claim. The Appeals Council remanded Plaintiff's case and ordered ALJ Kallsnick to re-evaluate Plaintiff's claim. By decision dated November 5, 2012, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 19, 2014. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 29 years old on the alleged date of onset of disability and 37 years old on the date of the second denial decision. She has a high school education and no past relevant work. Plaintiff claims to have been unable to work since January 1, 2005, due to bipolar disorder and borderline lupus. [R. 319, 338].

## The ALJ's Decision

The ALJ determined that the Plaintiff has severe impairments relating to depressive disorder, borderline systemic lupus erythmatosus, and history of drug abuse. [R. 100]. The ALJ found that the Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b) except she is limited to simple tasks under routine supervision. There are no postural, manipulative, visual, or environmental limitations. She can relate to coworkers and supervisors on a superficial work basis, and interact with the

public on no more than an incidental basis. Although Plaintiff takes medications, she can remain alert and attentive for the performance of job duties. She can lift/carry 20 pounds occasionally or 10 pounds frequently. In an 8-hour workday, she can stand/walk for 6 hours and sit for 6 hours, all with normal breaks. She can use her hands and feet for the operation of controls. Plaintiff's affective disorder[2] and substance addiction disorder are excluded from her RFC. [R. 101-102].

Although Plaintiff has no past relevant work, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 104-105]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that: 1) the residual functional capacity (RFC) is not supported by substantial evidence; and 2) the ALJ failed to perform a proper credibility determination.

---

[2] Affective disorders are a set of psychiatric diseases, also called mood disorders. The main types of affective disorders are depression, bipolar disorder, and anxiety disorder. See www.healthline.com.

## **Analysis**

### RFC Determination

Plaintiff argues that the ALJ failed to include even a "minimal discussion" of how the medical evidence supported the RFC determination. According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." SSR 96-8p,1996 WL 374184 at *7. The ALJ issued a decision in April 2011. [R. 206-218]. The Appeals Council reviewed the case and remanded it for consideration of the additional medical records and for further evaluation of Plaintiff's RFC. [R. 224-226]. The ALJ issued a second decision in November 2012. [R. 95-105]. In the November 2012 decision, the ALJ stated, "[t]he summary of the objective medical evidence set out in the prior Administrative Law Judge decision is adopted in this decision as if set out in full in this decision. However, findings, conclusions, and decision are not adopted." [R. 99]. If the court were to only consider the November 2012 decision, the court would agree that the ALJ failed to include a discussion of the medical evidence. However, when both decisions are viewed together, as intended by the ALJ, the court finds the discussion of the medical evidence was sufficient.[3]

Plaintiff argues that the ALJ failed to include depressive disorder in the RFC despite finding it "severe" at step two. [Dkt. 17, p. 3]. The step two severity finding and the RFC finding involve different considerations. To find a "severe" impairment at step two requires

---

[3] The ALJ's adoption of the summary of the medical evidence set out in the previous decision into the subsequent decision makes appellate review awkward as the court is left with the task of parsing out what constitutes objective evidence, findings, and conclusions. Much of Plaintiff's objection to the ALJ's decision would have been avoided if the ALJ would have taken the reasonable step of issuing a single comprehensive decision.

only a threshold showing that the claimant's impairment has "more than a minimal effect on [her] ability to do basic work activities." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir.1988). A step two determination that Plaintiff's depressive disorder, borderline systemic lupus erythmatosus, and history of drug abuse are "severe" only allows the sequential process to proceed. The step two finding does not address the degree of work-related functional limitations resulting from the "severe" impairments. Therefore, an ALJ does not err by failing to match each step two impairment to a work-related limitation in the RFC. Rather, in developing the RFC the ALJ considers all of the medical and other evidence to determine whether the record supports the existence of physical, mental, sensory, and other limitations in the ability to perform work-related functions. *See* 20 C.F.R. §§ 404.1545, 416.945.

The question then is not whether the RFC contains the "severe" impairments, but whether the RFC accounts for the work-related limitations supported by substantial evidence that flow from those impairments. In the RFC the ALJ said this about Plaintiff's affective disorder:

> "The claimant's affective disorder and substance addiction disorder are excluded from her residual functional capacity."

[R. 102]. The ALJ stated that the documentary evidence coming after the prior ALJ's decision does not contradict or augment the previous evidence. [R. 103]. The ALJ relied on the mental RFC assessment in Exhibit 5F, [R. 498-500], which was completed by Disability Determination Service consultant Burnard Pearce, Ph.D., on June 11, 2008 and the February 16, 2010 consultative examination report by Minor W. Gordon, Ph.D., [R. 531], where Plaintiff was found to be mildly depressed, but not so as to preclude gainful

employment. [R. 103, 104, 215]. The court finds that the ALJ included limitations in the RFC related to Plaintiff's mental impairments (i.e. simple tasks under routine supervision and interaction with the public on an incidental basis) which are supported by the record.

Plaintiff has identified additional diagnoses in the record but has not identified any functional limitations related to her mental diagnoses that should have been included in the RFC. It is Plaintiff's duty on appeal to support arguments with references to the record and to tie relevant facts to legal contentions. The court will not "sift through" the record to find support for the Plaintiff''s arguments. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992). Plaintiff has not demonstrated that her mental impairments further affect her ability to work. The court finds that the ALJ's RFC is supported by substantial evidence.

Plaintiff argues that the ALJ failed to include her diagnoses of bipolar disorder, post-traumatic stress disorder (PTSD), and possible borderline personality disorder among the severe impairments at step two. The ALJ's failure to list every diagnosis in the record as severe impairments at step two is not reversible error. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater,* 58F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment), *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue,* 245 Fed.Appx. 387, 392 (10thCir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v. Apfel,* 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a

claimant's condition).  The ALJ found Plaintiff's depressive disorder, borderline systemic lupus erythmatosus, and history of drug abuse to be severe impairments, and then proceeded to the remaining steps and made findings based on functional limitations supported by substantial evidence.  Any error in failing to list every diagnosis as a severe impairment at step two was harmless.  See *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("any error here [at Step Two] became harmless when the ALJ reached the proper conclusion that [the plaintiff] could not be denied benefits conclusively at Step Two and proceeded to the next step of the evaluation sequence").

There is no merit to Plaintiff's argument that the ALJ failed to weigh the evidence from the two psychological consultative examiners, Drs. William T. Bryant and Minor W. Gordon. [Dkt. 17, p. 6].  The ALJ specifically adopted the summary of medical evidence from the April 2011 decision into the November 2012 decision.  In the 2011 decision the ALJ thoroughly summarized the opinions of Drs. Bryant and Gordon.  In particular, Dr. Bryant, who examined Plaintiff on June 1, 2009,  noted that Plaintiff reported that her test for lupus was not positive, her mood swings were not as bad, her pain was less, and she did not get paranoid.  Dr. Bryant opined that Plaintiff's mental status was particularly good and her IQ was at least average. [R. 215, 491-495].  Dr. Gordon, who examined Plaintiff on June 16, 2010, noted Plaintiff's manner and attitude are dramatic and hysterical.  She was of average intelligence, her socio-adaptive behavior was within normal limits, her activities of daily living were close to normal, and she spent time taking care of her six children.  Dr. Gordon opined that Plaintiff retained the ability to perform some type of routine repetitive work on a regular basis.  She would be able to relate adequately with co-workers and supervisors on a superficial level, and though she did have problems with mild

depression, it should not preclude her from gainful employment. [R. 529-531]. The ALJ reiterated his reliance on these opinions. [R. 102-104]. The court finds that the ALJ's evaluation of the medical reports and the weight accorded to Drs. Bryant and Gordon was proper and is supported by substantial evidence.

Plaintiff argues that the ALJ erred in assessing her RFC by not including limitations for the effects of lupus, fatigue, headaches, affective disorder, and insomnia. Further, Plaintiff contends the ALJ failed to discuss how her symptoms of fatigue, migraines, and insomnia affected her ability to work on a regular and consistent basis. [Dkt. 17, p. 8-9]. Plaintiff points to records in March 2009, [R. 468-71, 479-82], and again in March 2010, [R. 833-36], when she complained of fatigue to her doctor. She also points to occasional complaints of insomnia and migraines. [R. 541, 558, 573, 754-58, 761-64, 766-70]. In light of Plaintiff's testimony that she is limited by fatigue, headaches, and insomnia, and the medical records that reflect complaints about and treatment for these conditions, the court finds it is error for the ALJ's decision not to address them in any manner. The court also notes that Plaintiff testified to being unable to sleep, [R. 126], and having migraines twice a week. [R. 134]. The ALJ did not discuss these allegations or the medical records related to them in either of the decisions. The decision must be reversed for the ALJ to address these alleged impairments.

## Credibility Determination

Plaintiff argues that the ALJ failed to perform a proper credibility determination. In support of this argument, Plaintiff asserts the ALJ used conclusory "boilerplate" language. [Dkt. 17, p. 7]. Credibility determinations are peculiarly the province of the finder of fact, and the court will not upset such determinations when supported by substantial evidence.

8

However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995). The ALJ must "explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible." *Id.* The court finds that the ALJ failed to make an appropriate credibility determination.

In this case neither of the ALJ's decisions contain any discussion of his reasons for the assessment of Plaintiff's credibility. The Commissioner's brief offers a plethora of reasons why the ALJ *might* have rejected Plaintiff's credibility. But the ALJ cited none of these reasons. The court declines to pick through the evidence to determine whether there might be evidence to support the ALJ's credibility determination. "[The] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that re not apparent from the ALJ's decision itself." *Haga v. Astrue,* 482 F.3d 1205, 1207-08 (10th Cir. 2007) see also, *Allen v. Barnhart,* 357 F.3d 1140, 1142, 1145 (10th Cir. 2004)(holding that district court's post hoc effort to salvage the ALJ's decision would require the court to overstep its institutional role and usurp essential functions committed in the first instance to the administrative process); *Robinson v. Barnhart,* 366 F.3d 1078, 1084-85 (10th Cir. 2004)(per curiam)(same); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943). The court finds that the ALJ's decision must be reversed and the case remanded for the ALJ to supply a proper credibility analysis.

**Conclusion**

The court finds that the ALJ erred in failing to discuss Plaintiff's physical complaints and failed to provide a proper credibility analysis. The ALJ's decision is therefore REVERSED and the case REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 23rd day of July, 2015.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE